IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH THE CELLULAR TELEPHONE TOWERS PROVIDING SERVICE TO 310 FIRST STREET, SE, WASHINGTON, D.C., 430 SOUTH CAPITOL STREET, SE #3, WASHINGTON, D.C., AND THE VICINITY BETWEEN THEM ON JANUARY 5, 2021 THAT IS STORED AT PREMISES CONTROLLED BY AT&T CORPORATION | Case Nos. 21-sc-59, 21-sc-60, 21-sc-61, 21-sc-62 (GMH)<br><br>Chief Judge Beryl A. Howell<br><br>**Filed Under Seal** |

## MOTION TO EXTEND SEALING ORDER

The United States of America, by and through its undersigned counsel, respectfully moves for an Order extending the period of time that filings in the above-referenced cases remain sealed for 90 days or until otherwise ordered by the Court.

## FACTUAL AND PROCEDURAL BACKGROUND

1. On January 6, 2021, a joint session of the United States Congress convened at the United States Capitol, with Vice President Mike Pence presiding, to carry out the constitutional duty of certifying the vote count of the Electoral College of the 2020 Presidential Election. Shortly before this ritual of democracy was disrupted by a rioting mob that breached the Capitol, two suspected improvised explosive devices ("IEDs") with wires were detected at the headquarters of both the Republican National Committee ("RNC") and the Democratic National Committee ("DNC"), several blocks from the Capitol. In the ensuing investigation to find the person or persons responsible for placing these IEDs at those locations, video footage collected from near the RNC and DNC revealed a potential Subject, who was observed in the vicinity of both buildings

on the evening of January 5, 2021, the night before the IEDs were found. This Subject's identity is unknown to law enforcement agencies.

2. To further the Federal Bureau of Investigation ("FBI")'s efforts to identify the Subject and those responsible for committing possible violations of 18 U.S.C. § 2332a (Use of Weapons of Mass Destruction) and 26 U.S.C. § 5861(d) (Possession of Unregistered Firearm (Destructive Device)), the government sought to obtain data about communications (not including the contents of communications) initiated in a one-hour period in the relevant area where the Subject was observed, using cellular telephone towers ("cell towers") operated by four major cellular service providers: Verizon Wireless, AT&T Corp., Sprint Corp., and T-Mobile US, Inc. (the "Service Providers").

3. On January 13, 2021, a Magistrate Judge denied the government's applications for four related search warrants requiring the Service Providers to disclose the unique cell numbers and identifiers of cellular devices used for a brief period of one hour on the night of January 5, 2021, in the small geographic areas where the Subject was observed. *See* Order at 8, *In the Matter of the Search of Info. Associated with the Cellular Tel. Towers Providing Serv. to 310 First St., SE, Wash., D.C., 430 S. Capitol St., SE #3, Wash., D.C., & the Vicinity Between Them on Jan. 5, 2021 that Is Stored at Premises Controlled by AT&T Corp.,* Case No. 21-sc-60 (GMH) (D.D.C. Jan. 13, 2021) ("MJ Order"), ECF No. 9.[1] The government appealed the MJ Order the same day it was issued, and renewed the applications for issuance of all four warrants by the Chief Judge. *See* Gov't's Mem. Authority In Support of Appls. For Search Warrants for Cell Tower Data at 2, ECF No. 5; Appl. for Warrant by Tel. or Other Reliable Elec. Means, ECF No. 6. Following responses

---

[1] The government submitted substantially similar applications and additional filings in all four cases at issue, and the Magistrate Judge issued a single Order denying all four applications. *See* MJ Order.

from the government to queries from the Court, on January 13, 2021, the warrants were approved and issued and the warrant-application filings sealed. On January 17, 2021, the Court issued a Memorandum Opinion explaining the Court's reasoning.

4. In that Memorandum Opinion, the Court directed the government to "review this Memorandum Opinion and Order, and other filings on the Court's docket in this matter, and advise which filings may be unsealed, in whole or in part, with proposed redactions as necessary to protect any ongoing criminal investigations, by May 14, 2021, unless these filings have been unsealed before then."

5. This Motion responds to the Court's direction.

### REQUEST FOR CONTINUED SEALING

6. The Subject remains unidentified and the FBI's and the grand jury's investigation into this matter continues. While the discovery of the IEDs is public and the FBI has released selected information to the public to aid in its investigation, much of the investigation remains non-public. As relevant here, the government has not made public the fact that it sought and obtained the cell-tower-data search warrants or that it obtained the proceeds of those warrants.

7. Public dissemination of the government's having obtained these search warrants could be disruptive to law enforcement's efforts to identify the Subject or any co-conspirators. For example, public knowledge that the government obtained these warrants could induce the Subject or any co-conspirators to change telephone numbers or destroy cellular devices to evade detection or destroy evidence.

8. Further, while it is possible to significantly redact the briefing and orders and opinions issued in these cases to avoid mention of the crimes under investigation or the relevant facts, the high-profile nature of this investigation and the fact that the warrants were sought just

days after the crime occurred could lead members of the public to conclude that they were related to this investigation. Such a conclusion would be disruptive to the investigation.

9.  For these reasons, the government requests that all filings in these cases remain under seal for an additional 90 days. At that time, the government will renew its sealing request if necessary to maintain the non-public nature of this investigation or alert the Court that such an extension is not necessary, depending on the status of the investigations at the time.

ACCORDINGLY, it is respectfully requested that the Court order that all filings in these matters remain sealed for 90 days or until otherwise ordered by the Court.

>Respectfully submitted,
>
> CHANNING D. PHILLIPS
> ACTING U.S. ATTORNEY
> D.C. Bar No. 415793
>
> By:  */s/ Stuart Allen*
> Stuart D. Allen
> D.C. Bar No. 1005102; N.Y. Bar No. 4839932
> Assistant United States Attorney
> National Security Section
>
> Jonathan P. Hooks
> D.C. Bar No. 468570
> Assistant United States Attorney
> Chief, Fraud Section
>
> Peter Lallas
> N.Y. Bar No. 4290623
> Assistant United States Attorney
> Fraud Section
>
> United States Attorney's Office
> 555 Fourth Street, N.W.
> Washington, D.C.  20530
> Telephone: (202) 252-7794 (Allen)
> Email:  stuart.allen@usdoj.gov