UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH THE CELLULAR TELEPHONE TOWERS PROVIDING SERVICE TO 310 FIRST STREET, SE, WASHINGTON, D.C., 430 SOUTH CAPITOL STREET, SE #3, WASHINGTON, D.C., AND THE VICINITY BETWEEN THEM ON JANUARY 5, 2021 THAT IS STORED AT PREMISES CONTROLLED BY VERIZON WIRELESS | Case No.: 21-SC-59<br><br>**FILED UNDER SEAL** |

*Reference:* USAO Ref. #2021R00186; *Subject Accounts:* As specified in each legal request

**FIFTH OMNIBUS APPLICATION FOR ADDITIONAL NONDISCLOSURE ORDER UNDER 18 U.S.C. § 2705(b) FOR MULTIPLE PRIOR NONDISCLOSURE ORDERS AND FOR CONSOLIDATION AND TO SEAL FILINGS**

The United States of America, by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order under 18 U.S.C. § 2705(b) directed at certain electronic communication and/or remote computing service providers (as described below, collectively, the "PROVIDER(S)"). The proposed Order would direct each PROVIDER not to disclose the existence of legal process previously issued under the following case numbers pursuant to 18 U.S.C. §§ 2703 and 2705(b) (collectively, the "Legal Request(s)"), in connection with an ongoing investigation:

| Legal Process | Provider | Location | Expiration | Case Number |
|---|---|---|---|---|
| Search Warrant | AT&T Corporation | North Palm Beach, FL | 12/24/2024 | 21-sc-60 |
| Search Warrant | T-Mobile | Parsippany, NJ | 12/24/2024 | 21-sc-61[1] |

---

[1] This search warrant had been served on Sprint Corporation, which has since been acquired by T-Mobile US, Inc.

| Search Warrant | T-Mobile | Parsippany, NJ | 12/24/2024 | 21-sc-62 |
|---|---|---|---|---|
| Search Warrant | Verizon Communications | Bedminster, NJ | 12/24/2024 | 21-sc-59 |

Specifically, the proposed Order would direct each PROVIDER not to disclose the existence of Legal Request for a period of one year (commencing on the date of the proposed Order), unless the period of nondisclosure is later modified by the Court. The United States further applies to the Court for an Order placing this further application and all related filings under seal.

The United States further requests that the aforementioned case numbers be consolidated with the above-captioned matter and that the Order be docketed in each of them.

## JURISDICTION

1.      This Court has jurisdiction to issue the requested Order because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711.  18 U.S.C. §§ 2703(a), (b)(1)(A), (c)(1)(A), and (d).  Specifically, the Court is a "district court of the United States . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).  As discussed more fully below, acts or omissions in furtherance of the offenses under investigation occurred within Washington., D.C.  *See* 18 U.S.C. § 3237.  Finally, the offenses under investigation are the subject of a grand jury investigation in the District of Columbia.

## FACTUAL BACKGROUND

2.      The United States is investigating possible violations of 18 U.S.C. § 2332a (Use of Weapons of Mass Destruction) and 26 U.S.C. § 5861(d) (Possession of Unregistered Firearm (Destructive Device)). Specifically, law enforcement is investigating the discovery on January 6, 2021 of improvised explosive devices (IEDs) with wires at the headquarters of the Republican National Committee (RNC) located at 310 First Street, SE, in Washington, D.C. and the

2

Democratic National Committee (DNC) at 430 South Capitol Street, SE #3, in Washington, D.C. Surveillance footage in the area shows an unknown subject in the area of the DNC and RNC headquarters and moving between the two on the evening of January 5, 2021.

3. At this time, the investigation is still ongoing and none of the potential subjects are aware of its existence. Any notification made to the subjects could result in the destruction of evidence, tampering with witnesses, or make their arrest more difficult.

4. In the ongoing effort to determine the nature and scope of this criminal activity and identify the subject(s) responsible, the United States has served numerous subpoenas, court orders, and/or search warrants under 18 U.S.C. § 2703 upon various electronic communication and/or remote computing service providers, including the Legal Requests to the PROVIDERS. If informed about such confidential legal requests, the subject(s) responsible for the criminal activity may become aware of this investigation and be likely to destroy or tamper with evidence (such as by deleting or encrypting digital evidence), intimidate potential witnesses, and otherwise seriously jeopardize this investigation. For this reason, prior to serving the PROVIDERS, the United States obtained corresponding nondisclosure orders under 18 U.S.C. § 2705(b) for the Legal Requests.

## LEGAL BACKGROUND

5. PROVIDERS provide "electronic communications services," as defined in 18 U.S.C. § 2510(15), and/or "remote computing services," as defined in 18 U.S.C. § 2711(2). The Stored Communications Act ("SCA"), 18 U.S.C. §§ 2701-2713, governs how PROVIDERS may be compelled to supply communications and other records using a subpoena, court order, or search warrant. Specifically, Section 2703(c)(2) authorizes the United States to obtain certain basic "subscriber information" using a subpoena, Section 2703(d) allows the United States to obtain

other "non-content" information using a court order, and Section 2703(a)-(b)(1)(A) allows the United States to obtain contents of communications using a search warrant. *See* 18 U.S.C. § 2703.

6. The SCA does not set forth any obligation for providers to notify subscribers about subpoenas, court orders, or search warrants under Section 2703. However, many have voluntarily adopted policies of notifying subscribers about such legal requests. Accordingly, when necessary, Section 2705(b) of the SCA enables the United States to obtain a court order to preclude such notification. In relevant part, Section 2705(b) provides as follows:[2]

> (b) **Preclusion of notice to subject of governmental access**. — A governmental entity acting under section 2703 . . . may apply to a court for an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order. The court shall enter such an order if it determines that there is reason to believe that notification of the existence of the warrant, subpoena, or court order will result in—
> (1) endangering the life or physical safety of an individual;
> (2) flight from prosecution;
> (3) destruction of or tampering with evidence;
> (4) intimidation of potential witnesses; or
> (5) otherwise seriously jeopardizing an investigation or unduly delaying a trial.

18 U.S.C. § 2705(b). The United States District Court for the District of Columbia has made clear that a nondisclosure order under Section 2705(b) must be issued once the United States makes the requisite showing about potential consequences of notification:

> The explicit terms of section 2705(b) make clear that if a courts [*sic*] finds that there is reason to believe that notifying the customer or subscriber of the court order or subpoena may lead to one of the deleterious outcomes listed under § 2705(b), the court must enter an order commanding a service provider to delay notice to a customer

---

[2] Section 2705(b) contains additional requirements for legal process obtained pursuant to 18 U.S.C. § 2703(b)(1)(B), but the United States does not seek to use the proposed Order for any legal process under that provision.

>for a period of time that the court determines is appropriate. Once the government makes the required showing under § 2705(b), the court is required to issue the non-disclosure order.

*In re Application for Order of Nondisclosure Pursuant to 18 U.S.C. § 2705(b) for Grand Jury Subpoena #GJ2014031422765*, 41 F. Supp. 3d 1, 5 (D.D.C. 2014).

7. Accordingly, this application sets forth facts showing reasonable grounds to command PROVIDERS not to notify any other person (except attorneys for PROVIDERS for the purpose of receiving legal advice) of the existence of the Legal Requests for a period of one year (commencing on the date of the proposed Order), unless the period of nondisclosure is later modified by the Court.

## **REQUEST FOR NONDISCLOSURE**

8. The Legal Requests relating to this investigation sought information that is relevant to establishing the illegal activity under investigation and to identifying the individual(s) responsible. Accordingly, disclosing them may reveal the existence, scope, and direction of this investigation. Once alerted to this investigation, the potential target(s) could be immediately prompted to destroy or conceal incriminating evidence, alter their operational tactics to avoid future detection, and otherwise take steps to undermine the investigation and avoid future prosecution. In particular, given that they are known to use electronic communication and remote computing services, the potential target(s) could quickly and easily destroy or encrypt digital evidence relating to their criminal activity.

9. Given the complex nature of the criminal activity under investigation, the United States anticipates that this confidential investigation will continue for the next year or longer.

10. Therefore, based on the foregoing, there are reasonable grounds to believe that disclosure of the Legal Requests directed to each PROVIDER concerning this investigation would

result in destruction of or tampering with evidence or other serious jeopardy to this investigation. *See* 18 U.S.C. § 2705(b)(3), (5). Accordingly, this Court should command PROVIDERS not to notify any other person (except attorneys for PROVIDERS for the purpose of receiving legal advice) of the existence of the Legal Requests for a period of one year (commencing on the date of the proposed Order), unless the period of nondisclosure is later modified by the Court. Should the court-ordered nondisclosure under Section 2705(b) become no longer needed because of the closure of the investigation or arrest of the account holder, the United States will make best efforts to notify the Court promptly and seek appropriate relief.

## REQUEST FOR SEALING

11.     The United States requests that the instant Application and the Order be filed under seal. The Court has the inherent power to seal court filings when appropriate, including the proposed Order. *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Commnications, Inc.*, 435 U.S. 589, 598 (1978)). More particularly, the Court may seal the Application and Order to prevent serious jeopardy to an ongoing criminal investigation when such jeopardy creates a compelling governmental interest in confidentiality. *See Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991). For the reasons stated above, the United States has a compelling interest in confidentiality to justify sealing the Application and Order. *See id*.

12.     Pursuant to Federal Rule of Criminal Procedure 6(e)(6), the United States requests that this Application and the corresponding Order be sealed by the Court until such time as the Court directs otherwise. These documents relate to an ongoing federal Grand Jury investigation that is neither public nor known to the target(s) of the investigation.

ACCORDINGLY, it is respectfully requested that the Court grant the attached Order directing that PROVIDERS shall not notify any other person (except attorneys for PROVIDERS for the purpose of receiving legal advice) of the existence of the Legal Requests for a period of one year (commencing on the date of the proposed Order), unless the period of nondisclosure is later modified by the Court, and further directing that the application and this Order are sealed until otherwise ordered by the Court.

    Respectfully submitted,

    MATTHEW M. GRAVES
    United States Attorney
    DC Bar No. 481052

By: */s/ Stuart D. Allen*
    Stuart D. Allen
    D.C. Bar No. 1005102; N.Y. Bar No. 4839932
    Assistant United States Attorney
    National Security Section
    601 D Street NW
    Washington, D.C. 20530
    (202) 252-7794
    stuart.allen@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH THE CELLULAR TELEPHONE TOWERS PROVIDING SERVICE TO 310 FIRST STREET, SE, WASHINGTON, D.C., 430 SOUTH CAPITOL STREET, SE #3, WASHINGTON, D.C., AND THE VICINITY BETWEEN THEM ON JANUARY 5, 2021 THAT IS STORED AT PREMISES CONTROLLED BY VERIZON WIRELESS | Case No.: 21-SC-59<br><br>**FILED UNDER SEAL** |
|---|---|

**ORDER**

This matter having come before the Court pursuant to an application under 18 U.S.C. § 2705(b) requesting the extension of orders directing the electronic communication and/or remote computing service providers identified in Attachments A, B and C to this Order (collectively, "PROVIDERS") not to notify any other person of the existence of legal process previously issued under the following case numbers pursuant to 18 U.S.C. §§ 2703 and 2705(b), in connection with an ongoing investigation and identified in the attachments to this Order (collectively the "Legal Requests"):

| Legal Process | Case Number |
|---|---|
| Search Warrant | 21-sc-60 |
| Search Warrant | 21-sc-61 |
| Search Warrant | 21-sc-62 |
| Search Warrant | 21-sc-59 |

the Court finds reasonable grounds to believe that such disclosure will result in destruction of or tampering with evidence and serious jeopardy to the investigation.

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2705(b), that each PROVIDER identified in Attachments A, B and C to this Order, and its employees, shall not disclose the existence of the Legal Requests or any related Order of this Court to any other person (except

attorneys for PROVIDERS for the purpose of receiving legal advice) for an additional period of one year (commencing on the date of this Order), unless the period of nondisclosure is later modified by the Court.

IT IS FURTHER ORDERED that the United States need serve on each PROVIDER only this Order and the Attachment corresponding to that PROVIDER.

IT IS FURTHER ORDERED that the case numbers associated with the Legal Requests detailed above shall be consolidated with the above-captioned matter and a copy of this Order shall be docketed under each of them.

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court.

_____
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

**Provider**: AT&T Corporation, North Palm Beach, FL

**Case Number:**

| Legal Process | Provider | Expiration | Case Number |
|---|---|---|---|
| Search Warrant | AT&T Corporation | 12/24/2024 | 21-sc-60 |

## ATTACHMENT B

**Provider**:   T-Mobile, Parsippany, NJ

**Case Number:**

| Legal Process | Provider | Expiration | Case Number |
|---|---|---|---|
| Search Warrant | T-Mobile (Originally Served on Sprint) | 12/24/2024 | 21-sc-61 |
| Search Warrant | T-Mobile | 12/24/2024 | 21-sc-62 |

## ATTACHMENT C

**Provider**:   Verizon Communications, Bedminster, NJ

**Case Number:**

| Legal Process | Provider | Expiration | Case Number |
|---|---|---|---|
| Search Warrant | Verizon Communications | 12/24/2024 | 21-sc-59 |