
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH THE CELLULAR TELEPHONE TOWERS PROVIDING SERVICE TO 310 FIRST STREET, SE, WASHINGTON, D.C., 430 SOUTH CAPITOL STREET, SE #3, WASHINGTON, D.C., AND THE VICINITY BETWEEN THEM ON JANUARY 5, 2021 THAT IS STORED AT PREMISES CONTROLLED BY AT&T CORPORATION | Case Nos.: 21-sc-59, 21-sc-60, 21-sc-61, 21-sc-62 (GMH)<br><br>Judge Beryl A. Howell |

## MOTION TO PARTIALLY UNSEAL

The United States of America, by and through its undersigned counsel, respectfully moves for an Order providing that certain materials in this case be unsealed and that others be made public in redacted form only.

## FACTUAL AND PROCEDURAL BACKGROUND

1. The government is investigating a crime that occurred on the night of January 5, 2021, when an unidentified individual placed two improvised explosive devices (IEDs) in the Capitol Hill neighborhood of Washington, D.C., one near the Republic National Committee (RNC) building and a second near the Democratic National Committee (DNC) building. The IEDs were discovered on January 6, 2021. The IEDs were viable, and, when properly assembled and initiated, devices of this sort are capable of causing death, injury, or destruction of property. Fortunately, neither detonated.

2. In the ensuing investigation to find the person or persons responsible for placing these IEDs at those locations, video footage collected from near the RNC and DNC revealed a potential Subject, who was observed in the vicinity of both buildings on the evening of January 5,

2021, the night before the IEDs were found. This Subject's identity is unknown to law enforcement agencies.

3.      To further the FBI's efforts to identify the Subject and those responsible for committing possible violations of 18 U.S.C. § 2332a (Use of Weapons of Mass Destruction) and 26 U.S.C. § 5861(d) (Possession of Unregistered Firearm (Destructive Device)), the government sought to obtain data about communications (not including the contents of communications) initiated in a one-hour period in the relevant area where the Subject was observed, using cellular telephone towers ("cell towers") operated by four major cellular service providers: Verizon Wireless, AT&T Corp., Sprint Corp., and T-Mobile US, Inc. (the "Service Providers").

4.      On January 13, 2021, a Magistrate Judge denied the government's applications for four related search warrants requiring the Service Providers to disclose the unique cell numbers and identifiers of cellular devices used for a brief period of one hour on the night of January 5, 2021, in the small geographic areas where the Subject was observed. *See* Order at 8, *In the Matter of the Search of Info. Associated with the Cellular Tel. Towers Providing Serv. to 310 First St., SE, Wash., D.C., 430 S. Capitol St., SE #3, Wash., D.C., & the Vicinity Between Them on Jan. 5, 2021 that Is Stored at Premises Controlled by AT&T Corp.,* Case No. 21-sc-60 (GMH) (D.D.C. Jan. 13, 2021) ("MJ Order"), ECF No. 9.[1] The government appealed the MJ Order the same day it was issued, and renewed the applications for issuance of all four warrants by the Chief Judge. *See* Gov't's Mem. Authority In Support of Appls. For Search Warrants for Cell Tower Data at 2, ECF No. 5; Appl. for Warrant by Tel. or Other Reliable Elec. Means, ECF No. 6. Following responses

---

[1] The government submitted substantially similar applications and additional filings in all four cases at issue, and the Magistrate Judge issued a single Order denying all four applications. *See* MJ Order.

2

from the government to queries from the Court, on January 13, 2021, the warrants were approved and issued and the warrant-application filings sealed. On January 17, 2021, the Court issued a Memorandum Opinion explaining the Court's reasoning.

5. In that Memorandum Opinion, the Court directed the government to "review this Memorandum Opinion and Order, and other filings on the Court's docket in this matter, and advise which filings may be unsealed, in whole or in part, with proposed redactions as necessary to protect any ongoing criminal investigations, by May 14, 2021, unless these filings have been unsealed before then."

6. On May 14, 2021, the government filed for an extension of the Court's sealing order given the ongoing nature of this investigation. On that same date, the Court granted the government's motion and extended the sealing order for an additional 90 days, to August 12, 2021.

7. On August 11, 2021, the government filed for an extension of the Court's sealing order given the ongoing nature of this investigation. On that same date, the Court granted the government's motion and extended the sealing order for an additional 90 days, to November 9, 2021.

8. On November 5, 2021, the government filed for an extension of the Court's sealing order given the ongoing nature of this investigation. On that same date, the Court granted the government's motion and extended the sealing order for an additional 90 days, to February 3, 2022.

9. On February 1, 2022, the government filed for an extension of the Court's sealing order given the ongoing nature of this investigation. On February 2, 2022, the Court granted the government's motion and extended the sealing order for an additional 90 days, to May 3, 2022.

10. On April 27, 2022, the government filed for an extension of the Court's sealing order given the ongoing nature of this investigation. On April 28, 2022, the Court granted the government's motion and extended the sealing order for an additional 90 days, to July 27, 2022.

11. On July 21, 2022, the government filed for an extension of the Court's sealing order given the ongoing nature of this investigation. After subsequent discussions with the Court, on July 25, 2022, the government submitted an amended motion to extend the sealing of certain case materials and publicly release certain redacted documents. On July 25, 2022, the Court granted the government's amended motion and ordered that the four cases remain sealed other than redacted versions of the MJ Order, the government's Memorandum of Authority in Support of Applications for Search Warrants for Cell Tower Data, and the Court's Amended Memorandum Order and Opinion which were then made publicly accessible.

12. The government now moves to unseal these four matters in their entirety except for the warrant materials themselves, for which the government provides proposed redacted versions in Exhibits A-D.

## REQUEST FOR UNSEALING

13. The Subject remains unidentified and the government's investigation into this matter continues. Recently, however, the existence of these tower dump warrants has been made public through a report by Congress. Specifically, on January 2, 2025, the U.S. House of Representatives issued a public report on the government's four-year investigation into the placement of IEDs. Staff of H. Comm. on Administration & H. Comm. on the Judiciary, 119th Cong., Interim Report on Four Years Later: Examining the State of the Investigation into the RNC and DNC Pipe Bombs (Jan. 2, 2025), https://cha.house.gov/_cache/files/f/e/fe4f4a06-d98a-4437-8891-792c5d406213/F503CD6C839F28CEB7D4216055E45035.joint-pipe-bomb-report-cn-bd-

cn-mjdb-bd-db-bd-ch-bd-db-db-bd-db-bd---final-version-redacted2.pdf ("Report"). The Report specifically discusses search warrants directed to "the three major cellular carriers." *Id*. at 67.

14. In light of this disclosure, the previously proffered reasons for keeping these dockets and filings sealed has been mitigated.[2]

15. The proposed redactions in the warrant materials go solely to the identity of the affiant, which was not made public by the Report.

ACCORDINGLY, it is respectfully requested that the Court order that all filings in these matters be unsealed other than the applications for search warrants[3] and that Exhibits A-D be made public instead.

---

[2] The government notes that this argument does not extend to other sealing orders in place concerning legal process issued in this investigation, which, as stated, remains ongoing.

[3] Specifically, the government requests the continued sealing of the following docket entries only:

21-sc-59: ECF 1, 4, 6, 8, 11

21-sc-60: ECF 1, 3, 6, 9, 10, 13

21-sc-61: ECF 1, 3, 6, 8, 10, 13

21-sc-62: ECF 1, 4, 7, 8, 13

Date: March 17, 2025

Respectfully Submitted,

EDWARD R. MARTIN, JR.
UNITED STATES ATTORNEY
D.C. Bar Number 4839932

By: */s/ Stuart Allen*
Stuart D. Allen
D.C. Bar No. 1005102; N.Y. Bar No. 4839932
Assistant United States Attorney
National Security Section
601 D Street NW
Washington, D.C.  20530
202-252-7794
stuart.allen@usdoj.gov